JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ERIKA R. FRICK (CASBN 208150)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6973
   Facsimile: (415) 436-7234
   Email:  erika.frick@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0379 SI |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| JORGE MAGANA-ALVARADO, | Sentencing Date: August 22, 2008 |
| Defendant. | |

## INTRODUCTION

Having entered an open plea, Defendant Jorge Magana-Alvarado stands convicted of one count of Alien Found in the United States After Deportation, in violation of 8 U.S.C. § 1326. The government hereby files this brief Sentencing Memorandum respectfully requesting that the Court impose a sentence of 18 months, in the middle of the applicable Guideline range.

## ARGUMENT

As the Court is well aware, the Sentencing Guidelines are no longer binding in the wake of the Supreme Court's decision in *Booker*. Rather, this Court is to consider the Guidelines

along with the other factors set forth in 18 U.S.C. § 3553(a) to fashion a sentence that is sufficient, but no harsher than necessary, to comply with the purposes of sentencing. As set forth in *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the District Court must correctly analyze the Guidelines and then take into account the factors set forth in § 3553. Under *United States v. Gall*, 128 S.Ct. 586 (2007), this Court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by" the parties. *Id.* at 596-97. "In so doing, [the Court] may not presume that the Guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented." *Id.* Analysis of the Guidelines and the § 3553 factors here demonstrates that an 18-month sentence in the middle of the Guideline range is a reasonable and appropriate one in this case and for this defendant.

  A. <u>Guidelines Range</u>

  The parties did not enter into a plea agreement. As the Probation Officer ("PO") has determined in her final Presentence Report ("PSR"), the adjusted offense level in this case is 10 and the Criminal History Category is IV. The applicable Guideline range is 15 to 21 months. The PO is recommending a sentence at the high end of the Guideline range, that is, a sentence of 21 months' imprisonment.

  B. <u>Recommended Sentence</u>

  The government recommends a sentence of 18 months of imprisonment.

  C. *Booker* Analysis

    1. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

  As set forth in § 3553(a)(1), this Court should consider the nature and circumstances of the offense and the history and characteristics of the Defendant. The offense is a serious one because illegal aliens who persistently reenter this country (and, in the defendant's case, commit crimes here) are quite costly to the government in terms of enforcement and harm to those affected by the crimes.

  In addition, as noted by the PO, this defendant poses a greater risk than most illegal reentrants in that he has been involved with violent crime and he is a gang member. These

factors support a mid-range Guideline sentence.

        2.       The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. This defendant has shown persistent disregard for the law, as demonstrated by his prior deportations and his criminal record.

        3.       The Need To Afford Adequate Deterrence to Criminal Conduct.

Section 3553(a)(2)(B) requires this Court to take into account the need to provide adequate deterrence to criminal conduct. Because this defendant has not been deterred by prior deportations or by prior punishments for his crimes, a substantial sentence is needed to deter further criminal conduct.

        4.       The Need to Protect the Public from Further Crimes of the Defendant.

Under section 3553(a)(2)(C), this Court should fashion a sentence that takes into account the need to protect the public from further crimes. Because of the defendant's gang membership and prior convictions involving violence and weapons, a substantial sentence is needed to protect the public.

        5.       The Need To Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment.

The government supports any available training or care that would help the defendant become a non-violent and productive member of our global society when he is released from prison and deported back to Mexico.

        6.       The Need to Avoid Unwarranted Sentencing Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

As explained above, the government believes that the aggravating factors in this case warrant a mid-range sentence. It is not often that the government sees someone as young as this defendant who already has two prior deportations and is in Criminal History Category IV. Added to that is the concern about his gang membership and his prior involvement with weapons and

CR 07-0379 SI
SENTENCING MEMO                   -3-

1 violence. The government sincerely hopes that a mid-range sentence will impress upon the
2 defendant the importance of his building a new and non-violent life in his home country after his
3 release and deportation.

## CONCLUSION

Consideration of all of the sentencing factors under § 3553(a) – particularly his gang membership, history of violence, involvement with weapons, his being in Criminal History Category IV at such a young age, and his two prior deportations – support a sentence at least in the middle of the applicable Guideline range. It is hoped that upon release and deportation to Mexico, the defendant will build a new, non-violent, and productive life in his home country.

DATED: August 11, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
ERIKA R. FRICK
Assistant United States Attorney

CR 07-0379 SI
SENTENCING MEMO                    -4-